FILED
CLERK
3:52 pm, Oct 11, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SIXTO JIMENEZ,

                Plaintiff,          **MEMORANDUM OF**
                                       **DECISION & ORDER**
        -against-             2:17-cv-00033 (ADS)(AYS)

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR CMLTI 2007-WFHE2, and
John Does 1-50,

                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Michael J. Oziel, P.C.**
*Attorney for the Plaintiff*
91 Summit Way
Syosset, NY 11791
        By:    Michael J. Oziel, Esq., Of Counsel.

**Hogan Lovells US LLP**
*Attorney for Defendant U.S. Bank National Association as Trustee for CMLTI 2007-WFHE2*
875 Third Avenue
New York, NY 10022
        By:    Cameron Everett Grant, Esq., Of Counsel.

**SPATT, District Judge**:

On January 4, 2017, the plaintiff Sixto Jimenez (the "Plaintiff") commenced this action against defendant U.S. Bank National Association (the "Defendant" or "US Bank"), as Trustee for CMLTI 2007-WFHE2, alleging various claims arising from a foreclosed mortgage loan.

Presently before the Court is the Defendant's motion to dismiss this action pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 4(m) for failure to properly serve the Defendant. For the following reasons, the Court grants the Defendant's motion in its entirety.

## I. BACKGROUND

On January 2, 2007, the Plaintiff entered into a loan agreement with Wells Fargo Bank, N.A. secured by a mortgage on his property. The mortgage loan was the subject of a foreclosure action in the Supreme Court of the State of New York for Nassau County. In 2013, after the Plaintiff failed to respond to the complaint in the foreclosure action, the Supreme Court entered a judgment of foreclosure and sale. The Defendant purchased the property at a foreclosure auction held in February 2016, and then transferred the property to MIM Properties, Inc. ("MIM") in October 2016. In November 2016, MIM commenced a holdover petition against the Plaintiff in Nassau County District Court.

On January 4, 2017, the Plaintiff commenced this action against US Bank and MIM, asserting various causes of action related to the mortgage and its foreclosure. ECF 1.

On February 3, 2017, the Plaintiff filed an Order to Show Cause seeking a temporary restraining order and a preliminary injunction. ECF 6. The Plaintiff's proffered basis for the relief was the imminence of a trial scheduled for February 8, 2017 in the eviction proceedings. ECF 6-2. On February 7, 2017, the Court granted the Plaintiff's motion for a temporary restraining order. ECF 9. With regards to taking action to evict the Plaintiff, the Order provided: "This Order shall not be interpreted to enjoin the proceedings in the New York State Court District Court of the County of Nassau, First District: Landlord Tenant Part. Rather, this order temporarily restrains the Defendants from evicting the Plaintiff or attempting to evict the Plaintiff until February 13, 2017." *Id.* at 2. On February 9, 2017, the Plaintiff filed a letter motion to withdraw his motion for a preliminary injunction, in which he explained that he reached a settlement with MIM as it related to the eviction proceeding. ECF 11.

On April 7, 2017, the Plaintiff filed a Proposed Summons and Amended Complaint, which named US Bank alone as a defendant. The Amended Complaint alleges four causes of action: (1) Violation of Banking Law 595-a; (2) Violation of the Fair Housing Act of 1968; (3) Declaratory Relief; and (4) Intentional Infliction of Emotional Distress. ECF 14. On the same day, the Plaintiff filed a Stipulation to Discontinue the action against MIM. ECF 13.

On April 7, 2017, the Court denied the Proposed Summons for use of an improper form. Apr. 7, 2017 Dkt. Entry.

On April 8, 2017, the Court denied without prejudice the Stipulation to Discontinue as to MIM for failure to comply with the Court's individual rules. ECF 15.

On January 30, 2018, due to the lack of activity in the case since the April 8, 2017 order, the Court gave notice to the Plaintiff's counsel requesting him to inform the Court why an order should not be entered dismissing this action for failure to prosecute pursuant to Rule 41(b). ECF 16.

On February 1, 2018, the Plaintiff's counsel sought a stay for 30 days to determine whether the Plaintiff wished to pursue this litigation, ECF 17, which the Court granted on February 6, 2018, ECF 18.

On March 1, 2018, the Plaintiff filed a revised Stipulation of Dismissal as to MIM, ECF 19, which the Court granted on April 18, 2018. ECF 25.

Also on March 1, 2018, the Plaintiff submitted a Proposed Summons to the Court, ECF 20, which the Court issued on March 2, 2018, ECF 21.

On April 17, 2018, US Bank moved to dismiss this action pursuant to Rule 4(m) for failure to serve the summons and complaint. ECF 22. US Bank alleges that the Plaintiff has failed to serve it with either the Original Summons and Complaint or the Amended Summons and Complaint; file

3

an affidavit of service on ECF; taken any actions to remedy his defective filings; or otherwise prosecute this action. ECF 24 ¶¶ 11–13.

## II. DISCUSSION

### A. THE LEGAL STANDARD

Rule 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

A party seeking an extension for good cause "bears a heavy burden of proof." *Naglieri v. Valley Stream Cent. High Sch. Dist.*, No. 05-cv-1989, 2006 WL 1582144, at *3 (E.D.N.Y. May 26, 2006). Courts in this Circuit determining good cause look to (1) the diligence and reasonableness of the plaintiff's efforts to serve, and (2) prejudice to the defendants from the delay. *See Walters v. Suffolk Cnty.*, No. 09-cv-556, 2014 WL 940734, at *3 (E.D.N.Y. Mar. 11, 2014); *Visco v. Brentwood Union Free Sch. Dist.*, 991 F.Supp.2d 426, 432 (E.D.N.Y. 2014).

In the absence of good cause, an extension may still be granted at the court's discretion. In this Circuit, "a district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original).

### B. GOOD CAUSE

"In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F.Supp.2d 54, 66 (S.D.N.Y. 2010). Generally, good cause is

found "only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown, N.Y.*, 916 F.Supp.2d 404, 419 (S.D.N.Y. 2013) (internal quotation marks and citations omitted). The Second Circuit has indicated that "before [it] will even consider vacating a Rule 4(m) dismissal . . . the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198 (citing *Bogle–Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006)).

Here, the Plaintiff made no showing of good cause justifying an extension of the deadline for service. It is now almost two years since the Plaintiff filed the Complaint. While the Court issued a summons as to US Bank, there is no indication that the Plaintiff served the Summons or Complaint upon US Bank. The Plaintiff has not filed an affidavit of service with the Court, and US Bank swears that no such service occurred. *See* ECF 24 ¶ 12. Further, US Bank alleges that the Plaintiff has failed to respond to multiple inquiries about the status of the case, and has otherwise failed to prosecute this action. *Id* ¶ 11. Consistent with these allegations, the Court had to prompt the Plaintiff to clear minimal procedural hurdles after over eight months of inactivity. Jan. 23, 2018 Dkt. Entry. Finally, and perhaps most importantly, the Plaintiff has not opposed the motion to dismiss in any way.

Thus, the Plaintiff has not just failed to demonstrate good cause justifying an extension. He has failed to even allege that it exists. Counsel's apparent inadvertence or neglect cannot constitute good cause for an extension and does not excuse the failure of service, here. *See Abreu v. City of New York*, 657 F. Supp. 2d 357, 362–63 (E.D.N.Y. 2009) (finding no good cause when the plaintiff "provide[d] no explanation for this failure, and none is evident from the record."); *Beauvoir v. United States Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006) ("An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause.").

Accordingly, the Court finds that the Plaintiff has failed to demonstrate good cause and turns to the question of whether it should, in the exercise of its discretion, grant an extension regardless of this failure.

## C. DISCRETIONARY EXTENSION IN THE ABSENCE OF GOOD CAUSE

The Court considers the following factors when deciding whether to exercise such discretion: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; (4) whether the defendant would be prejudiced" by extending the time for service. *Jordan v. Forfeiture Assocs.*, 928 F.Supp.2d 588, 598 (E.D.N.Y. 2013) (quoting *Carroll v. Certified Moving & Storage Co.*, No. 04-cv-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005)).

Although not expressly included in this four-factor test, courts often additionally consider plaintiffs' diligence in attempting to serve the defendant. *See George v. Professional Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 437 (S.D.N.Y. 2016) (declining to exercise discretion in favor of an extension where there was "simply 'no acceptable explanation' for George's failure to even attempt to serve the Moving Defendants within the appropriate time period under Rule 4(m), or request an extension to do so"). Having weighed these factors, the Court exercises its discretion by declining to grant an extension.

The Defendant concedes that the second and fourth factors do not favor dismissal, as it had actual notice of the claims and would not be prejudiced by extending the time for service. The Defendant further argues, and the Court agrees, that the third factor does not bear on the Court's decision, because there is no allegation that US Bank attempted to conceal any defect in service in this case. As a result, the exercise of the Court's discretion turns on balancing the potential

prejudice to the Plaintiff under the first factor with concerns raised by the Plaintiff's lack of diligence.

With regards to the first factor, "courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Beauvoir*, 234 F.R.D. at 58 quoting *Carroll*, LLC, 2005 WL 1711184, at *2). Although a Rule 4(m) dismissal is without prejudice to commencement of a new action, a plaintiff whose claims are time-barred at the time of dismissal will undoubtedly be prejudiced should a court decline to extend the time of service. *Tolchin v. Cty. of Nassau*, 322 F. Supp. 3d 307 (E.D.N.Y. 2018)

Here, the Defendant argues that that the statute of limitations favors, rather than weighs against, dismissal, because the Plaintiff's claims were time-barred at the time that he filed the Complaint. The Court need not address this argument, however, because it finds that the balance of the hardships warrant dismissal notwithstanding the potential prejudice to the Plaintiff. While the fact that the limitations period has run generally favors plaintiffs, "it does not guarantee an extension for every case that may be time-barred if refiled." *Id.* (quoting *Alvarado v. Am. Freightways, Inc.*, No. 04-cv-9536, 2005 WL 1467893, at *6 (S.D.N.Y. June 21, 2005)). "[T]he Second Circuit has stated clearly that even if the balance of hardships favors the plaintiff a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for neglect." *Vaher*, 916 F. Supp. 2d at 421 (citing *Zapata*, 502 F.3d at 198 & n.7). Indeed, "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Zapata*, 502 F.3d at 198.

As a result, this Court, and many others, have dismissed actions under Rule 4(m), even when doing so would, in effect, constitute a dismissal with prejudice of the plaintiff's claims. *See, e.g.*, *Tolchin*, 322 F. Supp. 3d 307 (declining to exercise discretion to grant extension despite awareness that "the Plaintiffs' claims of violations of their constitutional rights [were] likely foreclosed by this decision" due to inexcusable 16½ month delay); *Abreu*, 657 F. Supp. 2d at 362 (declining to exercise discretion to grant extension despite the hardship to the plaintiffs due to their lack of diligence); *Alsaidi v. City of New York*, No. 12-cv-5771, 2013 WL 4052880, at *5 (E.D.N.Y. Aug. 12, 2013) ("Notwithstanding the Court's sympathy for a plaintiff who relies on counsel to meet applicable deadlines, principles of judicial efficiency and economy, and fairness to both parties, warrant dismissal, especially where Plaintiff was given an extension and warnings about the failure to timely serve the Individual Officers."); *Hertzner v. U.S. Postal Serv.*, No. 05-cv-2371, 2007 WL 869585, at *8 (E.D.N.Y. Mar. 20, 2007) (finding that the fact that plaintiff made "absolutely no attempts to effect service on the [defendants] within the 120–day time limit under Rule 4(m) . . . tip[ped] the scale of equities against the granting of a discretionary extension in the present case.").

Considering that both the Court and the Defendant have on multiple occasions attempted to stir the Plaintiff into prosecuting this case, and that the Plaintiff has not even taken the minimal effort required to oppose this motion, the Court finds that it would be inappropriate to exercise its discretion in his favor. Therefore, the Court declines to extend the time of service.

### III. CONCLUSION

For the foregoing reasons, the Court grants the Defendant's motion to dismiss the Complaint pursuant to Rule 4(m). This dismissal is without prejudice. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED**.

Dated: Central Islip, New York

October 11, 2018

                                                                                             /s/ Arthur D. Spatt

                                                                  ARTHUR D. SPATT

                                                             United States District Judge